**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| TONY MCMILLIAN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 04-2036 |
| | : | | |
| v. | : | Document Nos.: | 6, 7 |
| | : | | |
| DISTRICT OF COLUMBIA *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

DENYING THE PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT;
DENYING DEFENDANT TIPPETT'S MOTION TO DISMISS

**I. INTRODUCTION**

This case comes before the court on the plaintiff's motion to alter or amend judgment,[1] and on defendant Interim Fire Chief Thomas Tippett's motion to dismiss. The plaintiff argues that the court should reconsider its order granting the District of Columbia ("D.C." or the "District") and the D.C. Fire and Emergency Medical Services' ("EMS") motion to dismiss and allow the plaintiff to file an opposition to the motion because the plaintiff did not receive electronic notification of the motion to dismiss. Defendant Tippett moves to dismiss the

---

[1] Although the plaintiff based his "Motion for Leave to Act After Expiration of Time" on Federal Rule of Civil Procedure 6(b), the court treats the motion as a Rule 59(e) motion to alter or amend the judgment because the court has already dismissed the plaintiff's complaint. Pl.'s Mot. for Leave to Act After Expiration of Time ("Pl.'s Mot. for Leave") at 3; Order Granting the Defs.' Mot. to Dismiss at 1.
   Because the plaintiff filed his motion within the ten-day period set for Rule 59(e) motions, the court treats the motion as a Rule 59(e) motion as opposed to a Rule 60(b) motion seeking relief from a judgment or order. *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997) (explaining that a motion filed within ten days of the district court's entry of judgment is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e), and that a motion filed more than ten days after the entry of judgment is considered a motion seeking relief from judgment under Fed.R.Civ.P. 60(b)); *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996) (treating filing as Rule 59(e) motion because it was filed less than ten days after entry of judgment).

complaint, arguing that the plaintiff has failed to state a claim upon which relief can be granted. Because the plaintiff's counsel should have known of the pending motion to dismiss, the court denies the plaintiff's motion. Because the defendant's motion to dismiss is untimely and the defendant has not submitted a motion for leave to late file, the court denies the defendant's motion to dismiss.

## II.  BACKGROUND

### A.  Factual Background

The plaintiff has been an employee of EMS since June 1977.  Compl. ¶ 17.  The plaintiff has held many positions within EMS, including that of Compliance Officer.  *Id*. ¶ 18.  "As Compliance Officer plaintiff represented the District's position in a claim of racial discrimination filed by a white male."  *Id.* ¶ 25.  The plaintiff alleges that the defendants engaged in discriminatory employment practices against him based on his race and based on a critical report that he wrote while serving as the Compliance Officer for EMS.  *Id.* ¶¶ 10, 31 - 33.  In this report, the plaintiff alleged that the white male's claim was unfounded, and criticized EMS' settlement of that claim.  *Id.* ¶ 31.

After knowledge of the report's contents spread, the "plaintiff began experiencing difficulties he had never experienced in his prior years of service."  *Id.* ¶ 33.  The plaintiff alleges that he was demoted, *id.* ¶ 40, and accused of sexual harassment on a number of occasions, *id.* ¶ 56, 68, 64.  The plaintiff sues the District, EMS, and Interim Fire Chief Tippett for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e *et seq*., and for intentional infliction of emotional distress.  Compl. ¶¶ 2-4, 14, 69-86.

**B.  Procedural Background**

On January 7, 2005, defendants D.C. and EMS filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]  Defs. District of Columbia and EMS's Motion to Dismiss ("District's Mot. to Dismiss") at 5.[3]  Because the plaintiff did not file a response to the District's motion to dismiss within eleven days, as required by Local Civil Rule 7(b), the court ordered the plaintiff to show cause by March 31, 2005 as to why the court should not grant the District's motion as conceded.  Minute Order (dated Mar. 24, 2005) at 1.  On May 2, 2005, having received no response from the plaintiff, the court issued an order granting the District's motion to dismiss.  Order Granting the Defs.' Mot. to Dismiss (dated May 2, 2005).  The plaintiff has since filed a "motion for leave to act after expiration of time."

In his May 11, 2005 motion, the plaintiff's counsel explains that he did not file a response to the District's motion to dismiss because he never received an e-mail indicating that the motion had been filed.[4]  Pl.'s Mot. for Leave to Act After Expiration of Time ("Pl.'s Mot. for Leave") ¶ 7-9.  In addition, the plaintiff's counsel alleges that he did not receive e-mail notification of the pending motion to dismiss and the court's order to show cause until April 2, 2005, two days after

---

[2]  In their motion, the District of Columbia ("D.C." or the "District") and the D.C. Fire and Emergency Medical Services ("EMS") expressly stated that they do "not represent [Thomas] Tippett but reserve[] the right to do so at a later time."  Defs. District of Columbia and EMS' Mot. to Dismiss ("District's Mot. to Dismiss") at 1 n.1.

[3]  The court notes that the motion does not contain any page numbers.  The court's pincite, therefore, is based on the page numbers provided by the electronic filing system.

[4]  This court uses an electronic filing system called CM/ECF.  LCvR 5.4.  When documents are filed using the CM/ECF system, notification is sent to each party via e-mail.  LCvR 5.4(d)(2).  "An attorney . . . who obtains a CM/ECF password consents to electronic service of all documents subsequent to the original complaint" and "service by electronic means is complete on transmission."  LCvR 5.4(b)(6); FED. R. CIV. P. 5(b)(2)(D).  In addition, attorneys are "responsible for monitoring their e-mail accounts" for notice of service.  LCvR 5.4(b)(6).

the show cause order's deadline.[5]  *Id.*  For these reasons, the plaintiff's counsel moves the court to "not hold counsel's failure to receive a notice of Defendants' filing on January 7, 2005 as a reason to dismiss the complaint."[6]  *Id.*, Prayer for Relief, ¶ B.

### III.  ANALYSIS

#### A.  Legal Standard for a Rule 59(e) Motion

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed within 10 days of the entry of the judgment at issue.  FED. R. CIV. P. 59(e); *see also Mashpee Wamponoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1098 (D.C. Cir. 2003) (stating that a Rule 59(e) motion "must be filed within 10 days of the challenged order, not including weekends, certain specified national holidays (including Christmas Day and New Year's Day), or any other day appointed as a holiday by the President").  While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure.  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).  Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or

---

[5]  Curiously, after receiving e-mail notification of the District's motion to dismiss and the court's order to show cause on April 2, 2005, the plaintiff's counsel waited five days before contacting the court.  Pl.'s Mot. for Leave ¶¶ 7, 10.

[6]  The plaintiff's counsel also sent a letter directly to the court regarding the plaintiff's failure to respond to the District's motion.  The court frowns upon this type of *ex parte* communication, a direct violation of Local Civil Rule 5.1(b).  LCvR 5.1(b) (stating that, "[e]xcept when requested by a judge, correspondence shall not be directed by the parties or their attorneys to a judge, nor shall papers be left with or mailed to a judge for filing").

prevent manifest injustice." *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone*, 76 F.3d at 1208).  Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier.  *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

### B.  Dismissal of the Plaintiff's Case is not Manifestly Unjust

The parties to a case bear the responsibility of monitoring the court's docket.  *Fox v. Am. Airlines, Inc.*, 295 F.Supp.2d 56, 59 (D.D.C. 2003), *aff'd Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (affirming the district court's dismissal of an unopposed motion and calling a party's excuse for failing to respond to a motion due to a lack of e-mail notification "nothing but an updated version of the classic 'my dog ate my homework' line")); *see also U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) (refusing to re-open the time for appeal under Federal Rule of Appellate Procedure 4(a)(6) because "parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders they wish to appeal"); *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir. 1994) (concluding in the Rule 60(b) context that failure to receive notice of final judgment did not warrant relief, absent evidence that the official docket failed to reflect entry of final judgment); *In re Mayhew*, 223 B.R. 849, 856 (D.R.I. 1998) (holding in the 60(b) context that it is the attorney's duty to monitor the docket and that "an attorney may not simply sit back and rely on the court to keep him or her up to date; allowing attorneys to do so would not only invite abuse, but would remove the burden

of vigilance from the advocates hired to pursue a client's interest").

Had the plaintiff's counsel checked the docket regularly, even sparingly, he would have discovered the District's motion to dismiss the complaint and, subsequently, the order to show cause issued by the court. In addition, the plaintiff's counsel should have been expecting a response to the complaint. FED. R. CIV. P. 12(a)(1)(A) (stating that "a defendant shall serve an answer within 20 days after being served with the summons and complaint"). Given the plaintiff counsel's apparent failure to check the official case docket and absent any evidence of a docketing error, the court concludes that amending judgment is not necessary to prevent manifest injustice.[7] *Firestone*, 76 F.3d at 1208.

### C. The Court Dismisses Defendant Tippett's Untimely Motion to Dismiss

The dismissal of the plaintiff's case against the District and EMS, however, does not affect the plaintiff's remaining claims against Tippett. Compl. ¶ 4. The plaintiff filed the complaint on November 19, 2004, and defendant Tippett filed a motion to dismiss on May 11, 2005. Defendant Tippett moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Def. Tippett's Mot. to Dismiss at 5.[8] Federal Rule of Civil Procedure 12(b)(6) states that a party may set forth a defense alleging that the plaintiff fails to make out a claim upon which relief can be granted in a pre-answer motion, rather than in a pleading. FED. R.

---

[7] The court is aware of the apparent harshness of this outcome. As other courts have already observed, however, "'filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.'" *U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 54 (2d Cir. 2001) (quoting *United States v. Locke*, 471 U.S. 84, 101 (1985)).

[8] The court notes that Defendant Tippett's motion does not contain any page numbers. The court's pincite, therefore, is based on the page numbers provided by the ECF system.

CIV. PRO. 12(b)(6).  *See also Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 577 (D.C. Cir. 1998) (concluding that "an affirmative defense may be raised by pre-answer motion under Rule 12(b)").

The defendant's answer was due on or before February 27, 2005.  Civil Docket No. 04-2036.  But, the defendant did not file his pre-answer Rule 12(b) motion until May 11, 2005, *id.*, almost three months after his answer was due.  A defendant filing a pre-answer motion under Federal Rule of Civil Procedure 12(b) must do so before his answer is due.  2 FED. PRAC. 3d. § 12.10 (explaining that "[i]n lieu of an answer, the defendant may file a motion under Rule 12(b), (e), or (f) within the applicable time period").  The defendant's motion to dismiss, in other words, is untimely.

Moreover, the defendant did not request leave of the court to late file his motion to dismiss.  FED. R. CIV. PRO. 6(b).  *See also Pappas v. Ford Motor Co.*, 7 F. Supp. 2d 22, 28 (D.D.C. 1998) (striking a party's opposition to a motion because the party failed to seek leave of the court to late file and calling this failure "inexcusable").  The court, accordingly, will not entertain the substance of the improperly-filed motion.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion to alter or amend judgment.  The court also denies, without prejudice, the defendant's motion to dismiss.  An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 13th day of December, 2005.

                                                                              RICARDO M. URBINA
                                                                              United States District Judge