UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TONY MCMILLIAN, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   04-2036 (RMU) |
| | : | |
| v. | : | Document No.:   14 |
| | : | |
| DISTRICT OF COLUMBIA *et al.*, | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM ORDER

### DENYING THE PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

## I.  INTRODUCTION

This employment discrimination matter comes before the court on the plaintiff's motion for relief from judgment. The plaintiff, Tony McMillian, argues that the court should reconsider its dismissal of the complaint against the District of Columbia ("D.C." or "the District") and the D.C. Fire & Emergency Medical Services Department ("EMS").[1] Because the plaintiff fails to address any of the factors enumerated in Rule 60(b), the court denies the plaintiff's motion for relief from judgment.

## II.  BACKGROUND

### A.  Factual Background

The plaintiff has been an EMS employee since June 1977, Compl. ¶ 17, and has held many positions with EMS, including that of Compliance Officer. *Id.* ¶ 18.  "As Compliance

---

[1]   In his motion for reconsideration, the plaintiff asks the court to reconsider its dismissal against the defendants, "including Thomas Tippett." Pl.'s Mot. ¶ 1. The court, however, has not yet ruled on defendant Tippett's motion to dismiss.

Officer plaintiff represented the District's position in a claim of racial discrimination filed by a white male." *Id.* ¶ 25. The plaintiff alleges that the defendants engaged in discriminatory employment practices against him based on his race and based on a critical report he wrote while serving as Compliance Officer for EMS. *Id.* ¶¶ 10, 31-33. In this report, the plaintiff alleged that the white male's claim was unfounded and criticized EMS' settlement of that claim. *Id.* ¶ 31.

After knowledge of the report's contents spread, the "plaintiff began experiencing difficulties he had never experienced in his prior years of service." *Id.* ¶ 33. For example, the plaintiff was allegedly demoted and accused of sexual harassment. *Id*. ¶¶ 56, 68, 64. The plaintiff sues the District, EMS, and Interim Fire Chief Thomas Tippett (in his personal and official capacities) for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e, and for intentional infliction of emotional distress. *Id.* ¶¶ 2-4, 14, 69-86.

### B.  Procedural Background

On November 19, 2004, the plaintiff filed a complaint against the District, EMS, and Thomas Tippett. In response, defendants D.C. and EMS filed a motion to dismiss pursuant to Rule 12(b)(6). Because the plaintiff did not file a response to the District's motion to dismiss, the court ordered the plaintiff to show cause why the court should not grant the motion as conceded. Because the plaintiff did not respond to the order, the court granted the defendant's motion to dismiss on May 2, 2005. Nine days later, on May 11, 2005, the plaintiff filed a motion to alter or amend judgment. The court denied that motion on December 13, 2005. The plaintiff now moves for relief from judgment.

### III.  ANALYSIS

Because the plaintiff does not cite to any Federal Rule of Civil Procedure in his "motion for reconsideration," the court must determine, as a preliminary matter, whether to analyze the motion under Rule 59(e) or 60(b).  A motion filed within ten days of the entry of judgment is treated as a motion to alter or amend the judgment under Rule 59(e), and a motion filed more than ten days after the entry of judgment is considered a motion seeking relief from judgment under Rule 60(b).  *McMillian v. District of Columbia*, 233 F.R.D. 179, 179 n.1 (D.D.C. 2005).

In this case, the court dismissed the plaintiff's case against the District of Columbia ("D.C." or "the District") and against the D.C. Fire & Emergency Medical Services Department ("EMS") on May 2, 2005.  On December 13, 2005, the court denied the plaintiff's Rule 59(e) motion to alter or amend the dismissal of the case against the District and EMS.  Because the plaintiff filed his motion more than ten days after the entry of the order denying his Rule 59(e) motion, the court analyzes the instant motion under Rule 60(b).

#### A.  Legal Standard for Relief Under Federal Rule of Civil Procedure 60(b)

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b).  FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986).  First, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b).  Such relief under Rule 60(b) turns on equitable factors, notably whether any neglect was excusable.  *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 392 (1993).  Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence.  FED. R. CIV. P. 60(b).

Third, the court may set aside a final judgment for fraud, misrepresentation, or other misconduct by an adverse party. *Id.*; *Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C. Cir. 1957). Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993) (Sporkin, J.) (citations omitted). Fourth, the court may grant relief where the judgment is "void." FED. R. CIV. P. 60(b). A judgment may be void if the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999). Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed . . . or it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)). Sixth, the court may grant relief from a judgment for "any . . . reason justifying [such] relief." FED. R. CIV. P. 60(b). Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances." *Pioneer Inv. Servs.*, 507 U.S. at 393.

    A party proceeding under one of the first three reasons must file his Rule 60(b) motion within one year after the judgment at issue. FED. R. CIV. P. 60(b). A party relying on one of the remaining three reasons may file his Rule 60(b) motion within a reasonable time. *Id*. The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298

F.3d 586, 592 (6th Cir. 2002).

## B. The Court Denies the Plaintiff's Motion for Relief from Judgment

The plaintiff argues that the court should reconsider its dismissal of the complaint against the defendants. Pl.'s Mot. ¶ 1. The court dismissed the complaint against D.C. and EMS because the plaintiff failed to respond to their motion to dismiss. The court subsequently denied the plaintiff's motion to alter or amend the judgment because dismissal of the case was not manifestly unjust. Mem. Op. (Dec. 13, 2005) at 5. The plaintiff's instant motion for relief from judgment consists of five enumerated paragraphs, in which he avers that he timely filed his administrative complaint and the complaint in this court. Pl.'s Mot. ¶¶ 1-5. In other words, even when read in the most generous light possible, the plaintiff's motion fails to address either the merits of the court's previous decisions or the factors discussed in Rule 60(b).

Assuming *arguendo* that the plaintiff's motion asserted "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud . . . , misrepresentation, or other misconduct," or that the judgment was void, or "has been satisfied, released, or discharged," or "any other reason justifying relief from the operation of the judgment," FED. R. CIV. P. 60(b), the court would nevertheless deny the motion because it was not made within a reasonable time. The plaintiff filed the instant motion more than seven months after the court denied the motion to alter or amend the judgment and more than 14 months after the court granted the defendants' motion to dismiss. *Brannum v. Buriltanu*, 1999 WL 680007, at * 2 (D.D.C. July 28, 1999) (stating that "Rule 60(b) motions are almost uniformly denied as untimely when they are filed more than three months after judgment" and that the D.C. Circuit "has suggested that what constitutes a "reasonable time [under Rule 60(b)(6) ] might be judged by the thirty-day period in

which a party must file a notice of appeal under Rule 4(a) of the Federal Rules of Civil Procedure" )(citing *L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234, 235 (D.C. Cir. 1964) and *Expeditions Unlimited Aquatic Enters. v. Smithsonian Inst.*, 500 F.2d 808, 810 (D.C. Cir. 1974); *Williams v. Capital Transit Co.*, 215 F.2d 487 (D.C. Cir. 1954); *Erick Rios Bridoux v. E. Air Lines*, 214 F.2d 207, 209 (D.C. Cir. 1954)); *see also Hirshon v. Republic of Bolivia*, 979 F. Supp. 908 (D.D.C. 1997) (denying a motion for reconsideration because the moving party filed it more than three months after the court issued the final judgment); *Sparrow v. Heller*, 116 F.3d 204 (7th Cir. 1997) (affirming a district court's denial of a Rule 60(b) motion filed more than two months after entry of the final judgment).[2]  Because the plaintiff's motion is utterly devoid of any arguments or evidence supporting the Rule 60(b) factors and because the plaintiff's motion is not brought within a reasonable time, the court denies the plaintiff's motion for relief from judgment.

Accordingly, it is this 18th day of December, 2006, hereby

**ORDERED** that the plaintiff's motion for relief from judgment is **DENIED**.

**SO ORDERED**

                                                       RICARDO M. URBINA
                                                   United States District Judge

---

[2]   Additionally, the plaintiff has failed to show that he acted with diligence or that his failure to respond to the defendants' motion to dismiss constitutes excusable neglect. *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004) (noting that courts routinely deny Rule 60(b) motions when party fails to show that it acted with diligence).  Indeed, the plaintiff's conduct throughout the course of this litigation is emblematic of his failure to act with diligence.