**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| TONY MCMILLIAN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 04-2036 |
| | : | | |
| v. | : | Document No.: | 11 |
| | : | | |
| DISTRICT OF COLUMBIA *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING DEFENDANT TIPPETT'S MOTION TO DISMISS

**I. INTRODUCTION**

This employment discrimination case comes before the court on defendant Interim Fire Chief Thomas Tippett's motion to dismiss. The court previously dismissed the suit against defendants District of Columbia ("D.C." or the "District") and the D.C. Fire & Emergency Medical Services Department ("EMS"). The plaintiff sues defendant Tippett (the "defendant") in his individual and official capacity. The defendant moves to dismiss the complaint, arguing that the plaintiff has failed to state a claim upon which relief can be granted. Because the plaintiff cannot sue the defendant in his individual capacity and because the court has already dismissed the official-capacity suit, the court grants the defendant's motion to dismiss.

**II. BACKGROUND**

**A. Factual Background**

The plaintiff has been an employee of EMS since June 1977 and has served in many capacities, including that of Compliance Officer. Compl. ¶¶ 17, 18. "As Compliance Officer

[the] plaintiff represented the District's position in a claim of racial discrimination filed by a white male." *Id.* ¶ 25.  The plaintiff alleges that the three defendants engaged in discriminatory employment practices against him based on his race and based on a critical report that he wrote while serving as a Compliance Officer for EMS.  *Id.* ¶¶ 10, 31, 32, 33.  In this report, the plaintiff alleged that the white male's claim was unfounded and criticized EMS' settlement of that claim.  *Id.* ¶ 31.

After knowledge of the report's contents spread, the "plaintiff began experiencing difficulties he had never experienced in his prior years of service." *Id.* ¶ 33.  The plaintiff alleges that he was demoted, *id.* ¶¶ 38, 40, and accused of sexual harassment on a number of occasions, *id.* ¶¶ 56, 68, 64.  The plaintiff sues the District, EMS, and Tippett for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e *et seq.*, and for intentional infliction of emotional distress.  Compl. ¶¶ 2-4, 14, 69-86.

### B.  Procedural Background

On January 7, 2005, defendants D.C. and EMS filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defs. District of Columbia and EMS's Motion to Dismiss ("District's Mot. to Dismiss") at 5.[1]  In their motion, the District and EMS expressly stated that they do "not represent Tippett but reserve[] the right to do so at a later time." *Id.* at 1 n.1.  The court granted the District's motion to dismiss on May 2, 2005.  Afterwards, the plaintiff moved the court to alter its judgment on May 11, 2005, and on that same day, defendant Tippett moved to dismiss the complaint.

---

[1] Because the motion does not contain any page numbers, the court's pincite is based on the page numbers provided by the electronic case filing system.

The court denied the plaintiff's motion to alter or amend judgment on December 13, 2005. The court also denied, without prejudice, defendant Tippett's motion to dismiss because the motion was untimely and the court had not granted defendant Tippett leave to late file.

On December 23, 2005, defendant Tippett moved for leave to late file his motion to dismiss. The court granted that motion, and the court now turns to defendant Tippett's motion to dismiss.

### III. ANALYSIS

#### A. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a

complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

### B. The Court Grants Defendant Tippett's Motion to Dismiss

The plaintiff sues defendant Tippett in his official capacity and in his individual capacity. For the reasons that follow, the court dismisses both the official-capacity suit and the individual-capacity suit.

#### 1. The Court Dismisses the Official-Capacity Suit

The plaintiff's official-capacity suit is based on defendant Tippett's role as a representative of EMS. Compl. EMS, however, is not a legal entity subject to suit. *Tibbs v. Williams*, 263 F. Supp. 2d 39, 41 (D.D.C. 2003) (dismissing a suit against EMS because it is not a legal entity subject to suit); *see also Fields v. Dist. of Columbia Dep't of Corrs.*, 789 F. Supp. 20, 22 (D.D.C. 1992) (explaining, in the context of a § 1983 claim, that "agencies and departments within the District of Columbia government are not suable as separate entities"). The court, moreover, already dismissed the complaint with regards to EMS. Accordingly, the

court dismisses the official-capacity suit against defendant Tippett.

### 2. The Court Dismisses the Individual-Capacity Suit

In addition to suing Tippett in his official capacity, the plaintiff sues defendant Tippett in his individual capacity. Compl. The plaintiff alleges that defendant Tippett violated Title VII and that he conspired to violate the plaintiff's civil rights. The defendant moves to dismiss the plaintiff's complaint on the ground that defendant Tippett may not be held liable in his individual capacity. Defs.' Mot. at 6.[2] In response, the plaintiff argues that a federal official who conspires to violate an individual's civil rights may be held liable in his individual capacity. Pl.'s Opp'n at 7.

Title VII applies to employers only, not to individual employees and supervisors. 42 U.S.C. § 2000e(b); *see also Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995). Thus, the plaintiff can not maintain a Title VII action against Tippett in his individual capacity. *Hughes v. CACI, Inc.*, 384 F. Supp. 2d 89, 91 n.2 (D.D.C. 2005). The court accordingly dismisses the plaintiff's claims that defendant Tippett violated Title VII.

Although the plaintiff cannot maintain a Title VII action against Tippett in his individual capacity, the third count of the complaint alleges that the District defendants and defendant Tippett conspired to deprive the plaintiff of his civil rights. Compl. ¶¶ 74-76. Specifically, the plaintiff alleges that the defendants "had knowledge of the wrongs and conspired against the plaintiff, had power to prevent commission of wrongful acts and refused to prevent them." *Id.* ¶ 75.

---

[2]     Because defendant Tippett's motion does not contain any page numbers, the court's pincite is based on the page numbers provided by the case electronic filing system.

A plaintiff may bring a civil action for money damages against a federal official in his individual capacity for violation of the plaintiff's constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971). To establish a cause of action for conspiracy to interfere with civil rights, the complaint must state that there was a conspiracy and that the conspiracy was motivated by a discriminatory animus. *Michelin v. Jenkins*, 704 F. Supp. 1, 4 (D.D.C. 1989) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). "A civil conspiracy is 'a combination of two or more persons acting in concert to commit an unlawful act.'" *Graves v. United States*, 961 F. Supp. 314, 320 (D.D.C. 1997) (quoting *Lenard v. Argento*, 699 F.2d 874, 882 (7th Cir.1983)). Stated differently, an action for civil conspiracy does not encompass acts performed by a single entity. *Gladden v. Barry*, 558 F. Supp. 676, 679 (D.D.C. 1983). The District of Columbia government and its officials, such as defendant Tippett, constitute a single entity. *Id.*, n.3. Because the defendants in this case constitute a single entity, the plaintiff's allegations cannot make out a case for civil conspiracy. Accordingly, defendant Tippett cannot be held liable on a theory of civil conspiracy.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant Tippett's motion to dismiss. An order directing the parties consistent with this Memorandum Opinion is separately and contemporaneously issued this 21st day of December, 2006.

RICARDO M. URBINA  
United States District Judge